UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RACHELLE LAWRENCE,<br>6018 Darel Street<br>Camp Springs, MD 20746<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY F. GEITHER,<br>SECRETARY,<br>U.S. Department of the Treasury<br>1500 Pennsylvania Ave.<br>Washington, D.C. 20220<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | Civil Action No. |

COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Introduction:

1. Plaintiff Rachelle Lawrence, a current employee of Defendant Timothy F. Geither, Secretary of the U.S. Department of the Treasury, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* seeking redress for race, sex and age discrimination resulting in an intentional breach of a settlement agreement reached by the parties in February 2008. Plaintiff Lawrence seeks equitable and legal relief to make her whole.

Jurisdiction:

2. Jurisdiction in this Court is invoked pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §§1331, 1343(4), 1346 and 1347.

3. All actions complained of herein involve a Plaintiff and a Defendant who have an employment relationship, the subject of this Complaint. The actions upon which this law suit relies have taken place within the jurisdictional boundaries of the District of Columbia.

Parties:

4. Ms. Rachelle Lawrence, a forty-six (46) year old African American female, has most recently been employed by Defendant Timothy F. Geither as a Security Specialist, Adjudicator for the Resource Management and Planning Staff Division, at the Department of Treasury. Ms. Lawrence has been employed by the Bureau of Printing and Engraving since 2004 and is stationed in Washington, D.C.

5. Defendant Timothy F. Geither is the Secretary of the U.S. Department of the Treasury with responsibility to insure that the federal employees under his command do not violate federal law in its treatment of employees and that no agency of the Department of the Treasury breaches any Settlement Agreement entered into it by the Agency and one of its employees. Defendant has employed over 500 employees at all times relevant hereto.

Statement of Material Facts:

6. In 2007, Plaintiff Rachelle Lawrence filed an Equal Employment Opportunity (EEO) complaint with her employer's Equal Employment Opportunity Office asserting she was subjected to an unlawfully hostile work environment with both her sex and her

prior engagement in protected activities as the unlawful motivations. Her complaint asserting a hostile environment stemmed from when she was a police offer at the TR-8 level in the Bureau of Printing and Engraving.

7. Plaintiff Lawrence agreed to ADR with the Agency in hopes of settling her EEO complaint. Mediation was successful between Ms. Lawrence and the Chief of the Office, Mr. Will Levy. On the date of their meeting, February 7, 2008, a Settlement Agreement was signed.

8. This Settlement Agreement was also signed by the two mediators present, and was validated by the Associate Director of the office, Scott Wilson, on February 11, 2008. It was further validated by two separate Reviewing Officials, one from the Office of EEO/BRC and the other from the Office of Chief Counsel. Both signed off on the agreement on February 25, 2008.

9. The Settlement Agreement consisted of Mr. Levy's promise of a continuation of Plaintiff Lawrence's detail then in effect and training for the new position. The Settlement Agreement also contained a promise by the Agency to transfer Ms. Lawrence into a GS security position at "the matching grade level for her current pay scale", which at that time was TR-8, series 0083.

10. Conversion at a matching pay grade for the level Ms. Lawrence had achieved as a TR-8, job series 0083 would have been to convert Ms. Lawrence into a GS-11, Step 2.

11. Both parties entered into the original Settlement Agreement with good faith.

12. Because no conversion table had been established for the Bureau of Printing and Engraving for converting employees from the TS pay scale to the GS pay scale, the

agreement did not specify the particular grade and step level Ms. Lawrence would receive, only that it would be "the matching grade level for her current pay scale."

13. Approximately eight (8) months after the Settlement Agreement was signed and approved, the Agency's Office of Human Resources provided Ms. Lawrence with an "amendment" to the settlement agreement. This amendment was actually a different agreement.

14. The "amendment" required Plaintiff Lawrence to be converted to the GS pay scale at a GS-7 level and not a GS-11 level. The GS-7 level was not a matching grade level for her current pay scale (TR-8, series 0083), and therefore did not meet the terms of the Settlement Agreement that had been reached in February. Although the "amendment" gave her a save pay provision, ultimately, the provisions of the "amendment" substantially reduced her pay level.

15. Plaintiff Lawrence did not want to sign anything further because she believed it would result in something different than her original Settlement Agreement. However, the Agency continued to tell Plaintiff Lawrence that she was required to sign the "amendment."

16. On October 30, 2009, an email was sent to Plaintiff Lawrence threatening her with a return to her old duty station with an option to revive the resolved EEO complaint. The email stated that if Plaintiff Lawrence did not sign, "the original settlement agreement terms will be considered met in full." Plaintiff Lawrence believed that if she did not sign the new agreement, she would have been transferred back to where she had been harassed as a TR-8 Senior Patrol Officer.

17. When Plaintiff Lawrence questioned Human Resources personnel (HR) about the "amendment," HR focused their discussions with Ms. Lawrence on the save pay aspect of the change, informing her that her pay would be maintained and that she would not lose money. HR also misled Ms. Lawrence by telling her that personnel policy required the conversion from a TR-8 to GS pay level to be at the GS-7 level and also that no police officer would be transferred from the TR pay scale to any grade higher than GS-7. Plaintiff has since learned that this second contention is false, as a white male police officer was transferred from the TR pay scale to a GS-11 position in her new office.

18. Plaintiff Lawrence was coerced by HR into signing the "amendment." From her correspondence with HR she feared that she was going to be returned to the TR-8 Senior Patrol Officer position where she had been harassed. She was also given false information by HR that she relied on when she signed the "amendment."

19. The Agency breached the original Settlement Agreement when it presented the "amendment" to Plaintiff Lawrence months after the Agreement had been signed by both parties and validated by three other officials. The "amendment" was actually a new agreement and the actions taken by the Human Resources personnel of the Agency to persuade Ms. Lawrence to sign it, without her having informed consent of all of the details of the new agreement, was coercive.

20. When Ms. Lawrence would have been entitled to pay increases, but for the level at which she was transferred, the Agency did award her the pay increases. However, some time thereafter, the Agency, without notice to Plaintiff Lawrence, determined the pay increases should not have been awarded to Plaintiff and began to deduct money from the biweekly pay checks of Ms. Lawrence.

21. Defendant Geither, without investigation, also determined that the Agency had overpaid Plaintiff Lawrence for time she did not work, during the lunch hour. Because Plaintiff Lawrence did work during that time period, she was entitled to be paid. However, the Agency wrongfully began to deduct money from the biweekly pay checks of Plaintiff to take from her monies it claimed were wrongly paid. The Agency is in error as to its belief that Ms. Lawrence was overpaid.

Exhaustion of Administrative Remedies:

22. On June 8, 2010, October 18, 2010 and December 8, 2010, Plaintiff Lawrence contacted her Agency's EEO counselor to initiate three (3) separate EEO complaints, alleging that because of her race, sex, color, age and/or her participation in protected EEO activities, Defendant has mistreated her by deducting monies from her paycheck which Plaintiff has earned, by coercing her into signing an "amendment" to a Settlement Agreement which greatly diminished the terms of the original agreement without informing her and by transferring a white male at a higher level of pay than that provided to her when she was transferred under the same conditions. The Department of the Treasury has dismissed all three (3) EEO complaints. Plaintiff appealed each to the U.S. Equal Employment Opportunity Commission, which has also dismissed all three complaints by a decision received on or about July 26, 2011. Therefore, Ms. White has exhausted her administrative remedies and files this civil action.

## Claims

COUNT I Adverse Employment Actions Taken Against Plaintiff on the Basis of Race.

Paragraphs 1 through 22 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II Adverse Employment Actions Taken Against Plaintiff on the Basis of Sex.

Paragraphs 1 through 22 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT III Adverse Employment Actions Taken Against Plaintiff on the Basis of Age.

Paragraphs 1 through 22 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of her race in violation of The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

COUNT IV Adverse Employment Actions Taken Against Plaintiff on the Basis of Retaliation.

Paragraphs 1 through 22 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because Plaintiff had previously engaged in EEO protected activities in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

## Relief Requested

WHEREFORE, Plaintiff Rachelle Lawrence respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights of Plaintiff Lawrence;

2. Order Defendant to award Plaintiff actual damages for her lost wages and lost benefits and interest on the value of the lost wages and benefits for the failure to promote her and the failure to properly compensate her for work performed;

3. Order Defendant to promote Ms. Lawrence to a GS-12, at the step she would have been but for the unlawful discrimination she suffered;

4. Order Defendant to amend Plaintiff's personnel records to accurately reflect the work she performed and the level of her performance.

6. Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the harm she has suffered as a result of Defendant's unlawful actions in violation of Title VII of the Civil Rights Act of 1964.

7. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

8. Order such additional relief as the Court deems proper and just.

## Jury Demand

Plaintiff Lawrence demands a trial by a jury of her peers for all claims contained herein.

Respectfully submitted,

Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES
1050 Seventeenth Street, N.W.
Suite 1000
Washington, D.C. 20036
(202) 393-4900
Attorney for Plaintiff Rachelle Lawrence